LEWIS R. DANIELS *vs*. WILLIAM T. HART & another.

Worcester.    October 6. — 22, 1875.    WELLS & AMES, JJ., absent.

Trustees to whom a mortgage of the franchises, properties and rights of a railroad corporation has been executed for the benefit of the bondholders, with the consent of the Legislature, and who are in possession under it for breach of condition, are liable in damages under the Gen. Sts. *c.* 63, §§ 101, 115–119, for injuries to land upon the line of the railroad from fire caused by a locomotive engine which belongs to another railroad corporation and is running upon the mortgaged road under an agreement between the trustees and the corporation owning the engine.

TORT under the Gen. Sts. *c.* 63, § 101, to recover damages for the destruction of grass, fences and trees upon the plaintiff's land in Blackstone, by fire communicated thereto by a locomotive engine.    Writ dated July 6, 1874.    The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on an agreed statement of facts, in substance as follows :

The defendants were the trustees under a mortgage dated March 19, 1866, from the Boston, Hartford and Erie Railroad Corporation to Robert H. Berdell and others, which mortgage transferred to the trustees named therein all the franchises, properties and rights of the corporation, and the defendants were in the actual use, operation, management and control of all the franchises, property and railroads of said railroad corporation, including the railroad from Woonsocket to Bellingham, having the legal title to the same as said trustees from July 19, 1871, to the present time.

The Providence and Worcester Railroad Corporation commenced running locomotive engines and cars upon the Boston, Hartford and Erie Railroad from Woonsocket to Bellingham about May 2, 1870, and since the defendants, as trustees, came into possession of the road, have continued to run their engines

upon it from Woonsocket to Bellingham, through Blackstone, to the present time, under an agreement never put in writing between the trustees and the Providence and Worcester Railroad Corporation, under which the latter corporation paid the trustees for the use of the road for the year ending September 30, 1873, the sum of about thirteen thousand dollars. The terms of the agreement were that the Providence and Worcester Railroad Company should draw their own passengers and freight cars over said road, and pay the defendants a certain sum per passenger and a *pro rata* proportion of the freight received.

On June 17, 1873, at Blackstone, a locomotive engine of the Providence and Worcester Railroad Company, while running upon the defendants' road under said agreement, communicated the fire which caused the injury to the plaintiff's property, sued for in this action.

If, upon these facts, the plaintiff could recover, the damages were to be assessed by auditors, to be agreed upon or appointed by the court; otherwise, judgment to be entered for the defendants.

*S. A. Burgess*, for the plaintiff.

*F. P. Goulding*, for the defendants.

GRAY, C. J. The provision of the Gen. Sts. c. 63, § 101, by which every railroad corporation is made responsible to any person or corporation whose buildings or property are injured by fire communicated by its engines, is not penal, but remedial, giving all the damages to the party injured. *Reed* v. *Northfield*, 13 Pick. 94. *Ross* v. *Boston & Worcester Railroad*, 6 Allen, 87. *Perley* v. *Eastern Railroad*, 98 Mass. 414.

A railroad corporation cannot mortgage its franchise and railroad without the authority of the Legislature, as shown by previous leave or subsequent ratification. *Shaw* v. *Norfolk County Railroad*, 5 Gray, 162. *Commonwealth* v. *Smith*, 10 Allen, 448. *Richardson* v. *Sibley*, 11 Allen, 65. When a mortgage is made by such authority, and the mortgagees take possession under it for breach of condition, they stand in the place of the corporation, vested with all the rights, and subject to all the liabilities, incidental to the exercise of the franchise and the operation of the railroad. *Ballou* v. *Farnum*, 9 Allen, 47. The mortgage from the Boston, Hartford and Erie Railroad Company to the

defendants expressly transferred to them all the franchises, properties and rights of the corporation, and was ratified and confirmed by the Legislature. St. 1866, c. 142. See also St. 1873, c. 289. The defendants were therefore liable for damages by fire from engines upon the railroad in their possession, to the same extent as the corporation itself would have been if no mortgage had been made.

The Gen. Sts. c. 63, §§ 115–119, provided that two railroad corporations created by this state, whose roads connected with each other, might contract that either corporation should perform all the transportation of persons and freight upon and over the road of the other ; that when such contracts were made, the corporation owning the road should " be liable for all damage done or injury sustained thereon or in the use thereof, in the same manner and to the same extent that it would be liable if it performed the transportation itself ; " that every corporation owning a road in use should at reasonable times and for a reasonable compensation draw over it the cars of any other corporation authorized by law to unite its road with and use the road of the first ; and that no engine should " be allowed to run upon a railroad constructed by authority of this state, except such as is owned and controlled by the corporation owning and managing the road, unless with the consent of the corporation." The clear implication from these provisions is that every railroad corporation should be liable for all injuries done by any engine run over its road, pursuant to its lease, agreement or consent, as if the engine were its own. *Ingersoll* v. *Stockbridge & Pittsfield Railroad*, 8 Allen, 438. The defendants, holding and exercising the franchise of the Boston, Hartford and Erie Railroad Company, were therefore responsible for any injury to the plaintiff's property by fire from an engine run by the Providence and Worcester Railroad Corporation under the agreement with them.

*Judgment for the plaintiff ; damages to be assessed.*