## ISAAC N. DAVIS vs. PROVIDENCE AND WORCESTER RAILROAD COMPANY.

Worcester.    October 4. — 23, 1876.    COLT & MORTON, JJ., absent.

Under the Gen. Sts. c. 63, § 101, a railroad corporation, which has leased the road of another corporation, and is running thereon, is liable in damages for injuries to land upon the line of the railroad from fire caused by its locomotive engine.

TORT under the Gen. Sts. c. 63, § 101, to recover damages for the destruction of the plaintiff's property by fire communicated thereto by a locomotive engine of the defendant.

At the trial in the Superior Court, before *Aldrich,* J., the following facts were admitted : The defendant was not the owner of the railroad, over which the engine was running at the time and place of the fire, but the Boston, Hartford and Erie Railroad Company, or trustees thereof, were the owners of the road

and franchise, and were operating the same by drawing their regular trains over this division of their road. The defendant, being duly authorized, had taken a lease of the Milford and Woonsocket Railroad, a line of road running from Bellingham to Milford, and connected with the main line of the defendant's road only by said road from Bellingham to Woonsocket. The Milford and Woonsocket Railroad Company was authorized by statute to enter upon and use the railroad of the Boston, Hartford and Erie Railroad Company. The defendant at the time of the fire was operating the Milford and Woonsocket Railroad under the lease, and was running regular passenger and freight trains, drawn by its own locomotive engines, and operated by its own servants, from Woonsocket to Milford, passing over that portion of the Boston, Hartford and Erie Railroad lying between Bellingham and Woonsocket. The contract, by virtue of which the defendant was thus using the road of the Boston, Hartford and Erie Railroad Company, was a verbal contract, and by its terms the defendant was allowed to run its trains over the road, paying therefor a proportional part of the freight received, and local rates for passengers.

Upon the foregoing facts, the defendant asked the judge to instruct the jury that the plaintiff could not recover, under the provisions of the Gen. Sts. *c.* 63, § 101, and that the only corporation liable under that statute and under §§ 115, 116, of said chapter, relating to connecting roads, was the corporation owning the road.

The judge declined so to instruct the jury, but instructed them that, if they believed the plaintiff's land was damaged by fire communicated by the locomotive engine of the defendant, they should return a verdict for the plaintiff. The judge submitted to the jury the question : " Was the defendant guilty of negligence in furnishing a suitable locomotive, or in the management of the same ? " And the jury answered that it was not. The verdict was for the plaintiff ; and the defendant alleged exceptions.

*T. G. Kent,* for the defendant.

*F. P. Goulding,* for the plaintiff.

AMES, J.   It has been settled by recent decisions that under the provisions of the Gen. Sts. *c.* 63, § 101, a railroad corporation may be held liable for damage by fire, communicated by a loco-

motive engine used upon its track, although the engine belongs to another corporation which is using the track under a lease or other agreement. *Ingersoll* v. *Stockbridge & Pittsfield Railroad*, 8 Allen, 438. *Daniels* v. *Hart*, 118 Mass. 543. In the former of these two cases, the defendant had leased its road to another corporation, which, by the terms of the lease, was doing with its own engines and servants the entire transportation of passengers and freight upon the road. It was held that the engine of the lessee, from which the fire was communicated, must be deemed to be the engine of the corporation owning the road, within the meaning of the section above cited. It was run with its consent, in the transaction of the business for the accommodation of which its franchise was conferred, and it was held that the corporation owning and having the profit of the franchise was directly liable.

The general inference from these decisions is that a railroad corporation cannot relieve itself from this statute liability by merely leasing its property to some other party. But there is nothing in these decisions, or in the reasons upon which they appear to rest, that confines the liability in such a case exclusively to the lessor, or that excludes the idea that the party injured may seek his remedy either of the lessor or the lessee. The case of the defendant comes literally within the terms of the statute. The fire was communicated from its engine. The damage was occasioned by its use of the road. It was lawfully using the road (Gen. Sts. *c.* 63, § 119) in the prosecution of its own business, and in the carrying out of the purposes of its charter and franchise, and we must assume that it was deriving some profit or advantage from such use. Under the arrangement the track was in the joint occupation and use of the defendant and the owners of the road. All the reasons, assigned in the above cited cases for holding the corporation owning the road liable, apply with at least equal force to the corporation using the road and actually doing the mischief. Under such circumstances the route, for the time being, may be considered as the route of the defendant; and there is no reason why it should not be held responsible for the damage caused by its use of the road, although the law has given to the injured party the right, if he sees fit, to seek his remedy against the corporation owning the road.

*Exceptions overruled.*