## WILLIAM P. PERLEY *vs.* EASTERN RAILROAD COMPANY.

Under the Gen. Sts. *c.* 63, § 101, if a spark from a locomotive engine of a railroad corporation sets fire to grass near the track, and the fire spreads in a direct line, without any break, across land of several different proprietors, and a highway, to woodland half a mile distant from the railroad, the corporation is responsible in damages to the owner of the wood which the fire there consumes.

In an action on the Gen. Sts. *c.* 63, § 101, against a railroad corporation for injury done to land half a mile distant from the road, by a fire which was set by a spark from the defendants' locomotive engine to grass near the track, and spread thence in a direct line and without any break to the land in question, it is competent for the jury to find that back-fires, kindled in a vain effort to stop the progress of the flame, which were swallowed up in it as it advanced, did not contribute to the plaintiff's loss.

TORT, on the Gen. Sts. *c.* 63, § 101,* for injury to the plaintiff's woodland, alleged to have been caused by fire communicated by the defendants' locomotive engine.

At the trial in the superior court, before *Devens,* J., it appeared in evidence that the plaintiff owned a lot of woodland, comprising thirty-five acres, lying substantially parallel with the defendants' branch railroad in Middleton, about half a mile distant from the track, from which it was separated by intervening lots of various proprietors, and by an old road; that on September 30, 1865, just after a train had passed over the defendants' track, fire was discovered among the grass and stubble at a short distance therefrom, and spread rapidly in the direction of the plaintiff's land, which it reached and devastated between the succeeding midnight and morning, having crossed, in its course, the lots of the intervening proprietors and spread out to a consider-

* " Every [railroad] corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines ; and shall have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf."

able distance and burned large quantities of wood; that before it reached the plaintiff's land persons who were endeavoring to stay its progress lighted back-fires in its path; "that this was done by kindling a fire at some distance ahead, and driving it against the wind, towards the main body of flame, stamping it out as they proceeded; but that in one or two cases the body of the main conflagration came upon them so furiously and rapidly that they were obliged to retreat, when their back-fire was swallowed up in the advancing wave of fire;" and that it was impossible to stop the conflagration until the evening of October 1.

The defendants contended that, admitting the fire to have been first communicated from their engine to the grass and stubble, the statute did not apply to the injury of property so situated and consumed as was that in question; but the judge ruled otherwise, and instructed the jury that, if the fire which did the injury to the plaintiff's property came in a direct line, and without any break, from that which was ignited by a cinder from the defendants' locomotive, it was a sufficient communication within the meaning of the statute, and the defendants would be liable.

With regard to the back-fires, the defendants, admitting the kindling of them to have been done in good faith and proper exercise of discretion, contended that nevertheless, artificial fire having so been added to the general conflagration, it was impossible to determine whether that fire which burned the plaintiff's property was communicated from their engine, and therefore they could not be held responsible; but the judge ruled otherwise, and instructed the jury that, "if back-fires were kindled, in the manner stated, in good faith, and were judicious, though ineffectual, means, under the circumstances, of staying the progress of the fire, and such back-fires, while burning, were swallowed up in the wave of advancing flame, which went on thence and destroyed the plaintiff's property, it could in no way affect his right to recover." The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*S. B. Ives, Jr.,* (*J. H. Ellis* with him,) for the defendants. 1

The application of the decision in *Hart* v. *Western Railroad Co*
13 Met. 99, which was on the St. of 1840, *c.* 85, was limited to
the facts then under consideration ; but in the case at bar it is
necessary to decide whether the word " communicated," repeated
in the Gen. Sts. *c.* 63, § 101, has a meaning the effect of which
would be, in the language of the chief justice in *Hart* v. *Western
Railroad Co.*, " to charge the railroad company with damages
to an unlimited extent, when a fire originating in a village or
city has spread into a wide conflagration." The rule in that
case which was deemed safest by the court was derived from
the provision of the statute giving an insurable interest to the
railroad company in property " along " its route. Without argu-
ing whether the substitution in the Gen. Sts. of the word " upon "
for the word " along," is a restriction of the extent of such in-
surable interest, it seems obvious that it is not an enlargement
of it; and, if the rule of liability is determinable by the extent
of insurable interest, the defendants contend that woodland half
a mile distant from the track is not " upon " the route of the
railroad in the sense of the statute. There must be some limit ;
for it cannot be contended in reason that the owner of a house
ten miles or more distant from the track, which is destroyed by
fire kindled originally by a spark from the locomotive, can re-
cover his damages from the railroad company. The liability in
Massachusetts being a statute liability, the defendants, as they
can raise no issue as to the negligence of persons other than the
plaintiff, also become, under the ruling in the case at bar, liable
indefinitely for damage to property by any such fire, even though
it might have been checked but for the gross negligence of in-
tervening proprietors or others. *Ross* v. *Western Railroad Co.*
6 Allen, 87. *Ingersoll* v. *Stockbridge & Pittsfield Railroad Co.*
8 Allen, 438. For an exposition of the liability at common law,
of a railroad company, in a similar case, see *Ryan* v. *New York
Central Railroad Co.*, reported in American Railroad Journal,
Sept. 28, 1867.

2. The burden was on the plaintiff to prove injury by fire
communicated by the defendants' engine. But he proved an
injury resulting from a combination of forces of which the back

fires were a part, and which they alone might perhaps have caused but for the combination. It is not in the power of the judge to distinguish the effect of one part of the combined flame from the other. Nor is it a question for the jury; on the same principle as in actions for negligence it is incumbent on the plaintiff to prove due care, and any negligence on his part will prevent his recovery, it not being within the province of any tribunal to distinguish between the comparative force of different causes acting in conjunction. *Smith* v. *Smith*, 2 Pick. 624. *Parker* v. *Adams*, 12 Met. 417. It is impossible to know whether the injury was wholly imputable to the fire from the engine; and there are no means of dividing the responsibility.

*W. D. Northend*, for the plaintiff.

CHAPMAN, J. Under the instructions of the presiding judge the jury must have found that the fire which destroyed the plaintiff's property proceeded from the defendants' locomotive, and came in a direct line, and without any break, to the plaintiff's property. But in reaching the plaintiff's land it went across the land of three or four different parties which lay between the plaintiff's land and the railroad track, and the distance to the plaintiff's land was about half a mile. It was fed on its way by grass, stubble, and woodland. The defendants contend that they are not liable for this injury, because it was remotely and not proximately connected with the escape of the fire from their engine.

But it was none the less "communicated" from the engine, because the intermediate land belonged to other persons, nor because the distance was half a mile. If the land had all belonged to the plaintiff, and had extended a mile, it would be difficult to establish a line on his land and to hold that the statute gives him no remedy for the damage happening beyond that line. Nor does the fact that there were several owners make the damage to the plaintiff remote, in the sense in which that term is used as contradistinguished from direct and immediate. This was decided in *Hart* v. *Western Railroad Co.* 13 Met. 99. In that case the fire was communicated from the engine to a carpenter's shop, and destroyed it. There was a

high wind which wafted sparks from this shop while it was burning, over a street, sixty feet, upon the plaintiff's dwelling-house, and set it on fire. This was held to be a communication of the fire to the plaintiff's house, within the statute. In *Ingersoll* v. *Stockbridge & Pittsfield Railroad Co.* 8 Allen, 438, the fire went from the locomotive to a barn, thence through a shed to the plaintiff's barn; and the company was held liable. The fact therefore that the fire passes through the air, driven by a high wind, and that it is communicated to the plaintiff's property from other intermediate property of other men, does not make his loss a remote consequence of the escape of the fire from the engine.

By the common law, if one kindled a fire upon his own land, and negligently suffered it to escape, and burn his neighbor's property, he was liable for the damage. If a wind and tempest arose and drove it into his neighbor's field, he would be liable, unless he could show that the injury was occasioned to his neighbor by the act of God, and not by his own negligence. *Turberville* v. *Stampe,* 1 Ld. Raym. 264; *S. C.* 1 Salk. 13. *Pantam* v. *Isham,* Ib. 19. Com. Dig. Action for Negligence (A. 6.)

The liability of this railroad is not at common law, nor dependent upon the defendants' want of care; but is under a statute, which is very general in its terms, making a railroad corporation responsible in damages to any person whose buildings or other property may be injured by fire communicated by its locomotive engines; and giving the corporation an insurable interest in the property upon its route for which it may be so held responsible, with authority to procure insurance thereon in its own behalf. Gen. Sts. *c.* 63, § 101. In *Ross* v. *Boston & Worcester Railroad Co.* 6 Allen, 87, it is said that this statute is remedial, and is not to be construed strictly, but fairly and liberally. The terms of the statute do not restrict the liability so as to exclude any cases where the fire is communicated from the engine, nor limit the insurable interest to any specific distance from the track.

The defendants' counsel have referred us to the case of *Ryan*

v. *New York Central Railroad Co.*, lately decided in the court of appeals of New York, but not yet reported, except in the Railroad Journal. We understand the liability in that state is by the common law, and not under the provisions of any statute. In that case a distinction is made between proximate and remote damages. The fire was communicated from the defendants' locomotive to their woodshed, and thence, by sparks, one hundred and thirty feet, to the plaintiff's house ; and it was held that the plaintiff could not recover, because the injury was a remote and not a proximate consequence of the carelessness of the defendants in permitting their fire to escape. Our own cases, above referred to, are not noticed in the opinion. Nor does the opinion draw any line of distinction between what is proximate and what is remote; and such a line is not obvious in that case. If, when the cinder escapes through the air, the effect which it produces upon the first combustible substance against which it strikes is proximate, the effect must continue to be proximate, as to everything which the fire consumes in its direct course. This is so, whether we regard the fire as a combination of the burning substance with the oxygen of the air, or look merely at its visible action and effect. As matter of fact, the injury to the plaintiff was as immediate and direct as an injury would have been which was caused by a bullet, fired from the train, passing over the intermediate lots and wounding the plaintiff as he stood upon his own lot. It is as much so as pain and disability are proximate effects of an injury, though they occur at intervals, through successive years after the injury was received. Yet these are called proximate effects, though the actual effects of the injury may be greatly modified, in every case, by bodily constitution, habits of life, and accidental circumstances.

The instructions given in respect to the back-fires, which were kindled with a view to check the fire which had proceeded from the locomotive, were correct; for they required the jury to find, in substance, that these fires did not in fact contribute to the loss of the plaintiff, but that they were swallowed up by the advancing flame which went on and destroyed the plaintiff's property.                    *Exceptions overruled.*