### EDWARD SAFFORD *vs.* BOSTON & MAINE RAILROAD.

A fire, set by sparks from a locomotive engine of a railroad corporation to wood piled against a freight-house at the railroad station in a village, consumed the freight-house, and spread to and injured the station-house, which was thirty feet distant from the freight-house. A dwelling-house, about sixteen hundred feet distant from the station-house, and seven hundred and forty feet from the railroad track, caught fire from sparks wafted through the air by the wind to its roof from this conflagration, and was injured. *Held*, that the railroad corporation was liable for the injury, under the Gen. Sts. *c.* 63 § 101.

TORT against a railroad corporation for injuries alleged to have been occasioned to the plaintiff's dwelling-house, and his chattels therein, by fire communicated by the defendants' locomotive engine.

At the trial, before *Ames*, J., it appeared that about quarter past eleven o'clock in the forenoon of April 18, 1868, and about ten minutes after a railroad train of the defendants had passed over their track adjoining their freight-house in Reading, a pile of wooden railroad ties, which was heaped against the north-west end of that building, was found to be on fire. The freight-house was 200 feet long, and was "30 feet northwest of" the defendants' station-house. There was a strong west wind; the fire spread rapidly; and soon the freight-house and its contents were destroyed, and the station-house was partly consumed, by the fire. The wind blew cinders and "burning fragments of shingles, &c.," from this fire, in the direction of the plaintiff's dwelling-house, which was 1590 feet distant from the station-house, and 740 feet distant from the line of the railroad track beyond the station; and it and several other buildings in its neighborhood, and their contents, were injured by fire communicated to them from the burning material thus blown upon them. When the fire caught the plaintiff's house, it was first discovered upon the roof, in a place "about the size of a silver dollar." The plaintiff bought his house-lot and built his house several years after the defendants built their freight-house and station-house. The plaintiff did not contend that the defendants were negligent; and sought to recover solely on their liability under the provisions of the Gen. Sts. *c.* 63, § 101, that every

railroad corporation " shall be responsible in damages to **any** person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, and shall have an insurable interest in the property upon its route for which it may be so held responsible."

" The case was by agreement submitted to the jury to determine whether the fire was communicated to the pile of wooden ties from the defendants' locomotive engines, with instructions, if they should so find, to return a general verdict for the plaintiff without any assessment of damages ; a general verdict was found for the plaintiff; and, it being agreed that if, upon said verdict and the facts above stated, the plaintiff was entitled to recover, the blank in the verdict should be filled according to the determination of an assessor to be appointed by the court to inquire and report upon the proper amount of damages, and a written agreement being filed to this effect, otherwise judgment to be entered for the defendants, or a new trial to be ordered, as the court might direct, the case is reported for revision by the whole court."

*C. P. Judd,* for the defendants.   1.   The plaintiff's house was not "upon the route" of the railroad in the sense of the statute. In *Hart* v. *Western Railroad Co.* 13 Met. 99, 104, the court say that the words of the St. of 1840, *c.* 85, " along its route," " describe buildings being near and adjacent to the route of the railroad, so as to be exposed to the danger of fire from engines." In *Lyman* v. *Boston & Worcester Railroad Co.* 4 Cush. 288, 290, 291, the court say, that, " with the use of locomotive engines, greater hazard to contiguous buildings and property owned by the adjacent landowners may arise, than was originally contemplated."   But the house now in question cannot fairly be described as either adjacent or near to the route of the railroad; and if it is contended that, merely because it was burned, therefore it was exposed to the danger of fire from engines, then upon the same rule the whole city of Boston would be so exposed, if one of the defendants' locomotive engines should set their Boston station-house on fire, and the fire should spread from house to house throughout the city.

2.   If the word " communicated " is used in a sense to hold the

defendants liable in this action, the effect may be to charge rail-road corporations to an extent almost illimitable. In *Hart* v. *Western Railroad Co.* the court substantially say that the word "communicated" should not include all burnings when a fire communicated by the engine directly to one building, and then by natural and ordinary means to others, without the intervention of any other means, spreads into a wide conflagration in a village or city. The right to insure, given by the statute, is of no practical value, unless some limit is set to the liability to be insured against.

3. The destruction of the plaintiff's property was not a necessary or a proximate result of the setting of fire to the railroad ties. In *Perley* v. *Eastern Railroad Co.* 98 Mass. 414, 417, the jury found " that the fire which destroyed the plaintiff's property proceeded from the defendants' locomotive, and came in a direct line, and without any break, to the plaintiff's property;" and that case rests upon the particular facts found in it. By the Rev. Sts. *c.* 24, if damage was done to the property of any per son by discontinuing a highway, he might recover for it; but in *Smith* v. *Boston*, 7 Cush. 254, the damage was limited to land abutting upon the discontinued part of the way. So in building railroads the damage is limited to the necessary consequences of making the road. *Dodge* v. *County Commissioners*, 3 Met. 380, 383. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad Co.* 10 Cush. 385, 391, 392. The Rev. Sts. *c.* 25, § 22, the St. of 1850, *c.* 5, and the Gen. Sts. *c.* 44, § 22, giving a right of action for damages arising from defects in the highway, are unlimited in terms, but in *Marble* v. *Worcester*, 4 Gray, 395, and other cases, a limit in the nature of proximate cause and consequence has been set by the court. In *Ryan* v. *New York Central Railroad Co.* 35 N. Y. 210, 212, the court say " that a building upon which sparks fall should be destroyed or seriously injured, must be expected; but that the fire should spread, and other buildings be consumed, is not a necessary or an usual result." This result " depends upon a concurrence of accidental circumstances, such as the degree of the heat, the state of the atmosphere, the condition and materials of the adjoining structures, and the direction of the wind. These are

accidental and varying circumstances. The party has no con-
trol over them, and is not responsible for their effects."

*C. T. Russell & S. Bancroft,* for the plaintiff. 1. The plain-
tiff's house was "upon the route" of the railroad. Gen. Sts.
c. 63, § 101. *Hart* v. *Western Railroad Co.* 13 Met. 99, 104.
*Ross* v. *Boston & Worcester Railroad Co.* 6 Allen, 87. *Perley*
v. *Eastern Railroad Co.* 98 Mass. 414.

2. The verdict settles that the original fire was "communi-
cated" by the defendants' locomotive engine.

3. The fact that it destroyed the freight-house and injured the
station-house of the defendants before it spread to the plaintiff's
house does not affect the "communication" from the original
point to the plaintiff's house, within the meaning of the stat-
ute. See cases above cited, and also *Quigley* v. *Stockbridge &
Pittsfield Railroad Co.* 8 Allen, 438; *Trask* v. *Hartford & New
Haven Railroad Co.* 2 Allen, 331; *Hooksett* v. *Concord Rail-
road Co.* 38 N. H. 242; *Ayer* v. *Starkey,* 30 Conn. 304. The
purpose and effect of the statute are to secure indemnity to the
owner of any property which may be injured by fire at first pro-
ceeding from locomotive engines of railroad corporations, and
then spreading in any ordinary mode through natural causes to
the property, whatever the distance from the original point of
communication. No judicial limitation of that protection is
possible. "The legislature have chosen to make it a condition
of the right to run carriages impelled by the agency of fire, that
the corporation employing them shall be responsible for all inju-
ries which the fire may cause." *Quigley* v. *Stockbridge & Pitts-
field Railroad Co.* 8 Allen, 438, 440.

The fact that the plaintiff built his house after the location
and construction of the railroad is immaterial. He had a right
so to build it, under the protection of the statute. *Lyman* v.
*Boston & Worcester Railroad Co.* 4 Cush. 288. *Ross* v. *Boston
& Worcester Railroad Co.* 6 Allen, 87. *Cook* v. *Champlain
Transportation Co.* 1 Denio, 91, 99.

CHAPMAN, C. J. We cannot distinguish this case from *Hart*
v. *Western Railroad Co.* 13 Met. 99, and *Perley* v. *Eastern Rail-
road Co* 98 Mass. 414.

*Judgment for the plaintiff on the verdict.*