NEW ENGLAND BOX COMPANY *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Worcester.   October 2, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Railroad,* Liability for fire.  *Statute,* Construction.  *Subrogation.  Insurance.*

The common law liability of a railroad corporation for damage to property due to sparks negligently allowed to escape from its locomotive engines while in use upon its road was abolished by St. 1840, c. 85, the broader remedy given by that statute, and by the succeeding statutes re-enacting its provisions, for injuries to property by fire communicated by locomotive engines being exclusive.

By St. 1895, c. 293, insurance companies, which have paid losses on property caused by fires communicated by the locomotive engines of a railroad corporation, have no right of subrogation to the remedy of the insured against the railroad corporation under the statute creating the liability of a railroad corporation for such fires.

TORT, brought in the name of the plaintiff for the benefit of certain insurance companies, to enforce an alleged common law

liability of the defendant to the plaintiff for the amount paid by such companies to the plaintiff by reason of a fire alleged to have been caused by the negligent construction, maintenance and use of locomotive engines by the defendant. Writ dated August 11, 1910.

The declaration contained, among others, the following allegations: "And the plaintiff further says that it was said defendant's duty to so operate its road and its engines running thereon that fire shall not escape and be communicated therefrom, but that on said twelfth day of March, 1910, defendant carelessly and negligently used and employed locomotive engines and other machinery that were improperly and negligently constructed or maintained and so carelessly and negligently used the same that a great quantity of fire, cinders, sparks and burning matter were thrown therefrom ; and by reason of such negligence and carelessness on the part of the defendant, the plaintiff being in the exercise of due care, fire was communicated to the grass, weeds, or other material which the defendant had negligently suffered to accumulate upon its location and which escaping from defendant's said location was communicated to the pine boards so piled and stacked upon said land so owned by the plaintiff adjacent thereto as aforesaid and burned, injured and damaged a part thereof."

The defendant demurred, assigning as causes of demurrer the following :

" 1. That the said declaration does not state a cause of action substantially in accordance with the rules contained in chapter 173 of the Revised Laws of Massachusetts.

" 2. That section 247, Part II, chapter 463 of the Acts of 1906 provides the sole and exclusive remedy for persons or corporations whose buildings or other property have been injured by fire communicated by the locomotive engines of a railroad corporation or street railway company.

" 3. That section 247, Part II, chapter 463 of the Acts of 1906 provides a remedy for persons or corporations whose buildings or other property have been injured by fire communicated by the locomotive engines of a railroad corporation or street railway company, which remedy is in abrogation of and a complete substitution for any right of action at common law based upon

the negligence of such railroad corporation or street railway company in the premises.''

The case was heard upon the demurrer by *Fessenden*, J., who made an order overruling the demurrer, from which the defendant appealed; and thereupon, by agreement of the parties, the judge, being of opinion that the matter ought to be determined by this court before further proceedings were had in the Superior Court, reported for that purpose the questions of law raised by the appeal. If no error was found in the ruling of the judge, the case was to stand for a trial upon the merits; if the ruling was wrong and the demurrer should have been sustained, final judgment was to be entered for the defendant.

*R. A. Stewart*, (*G. H. Fernald, Jr.*, with him,) for the defendant.

*J. A. Stiles*, (*C. S. Anderson* with him,) for the plaintiff.

HAMMOND, J.   This is an action at common law brought for the benefit of certain insurance companies to enable them to recover the amount of insurance paid by them to the plaintiff upon its lumber alleged to have been destroyed by fire communicated by sparks negligently allowed to escape from the defendant's locomotive. The case is before us upon a report made by the judge who overruled the demurrer; and the question is whether the declaration sets out a valid cause of action.

Before the enactment of any statute upon the subject a railroad corporation was answerable at common law for damages to property due to sparks negligently allowed to escape from its locomotives while in use upon its road. The gist of the action was negligence and the burden of proving negligence was upon the plaintiff. *Wallace* v. *New York, New Haven, & Hartford Railroad*, 208 Mass. 16, and cases cited. But from the nature of things it was difficult for the plaintiff to sustain this burden; and soon after the establishment of railroads in this Commonwealth legislation on this general subject began.

St. 1837, c. 226, provided (§ 9) that when any injury was done to any property of any person by fire communicated by a locomotive of any railroad corporation, the corporation should be held responsible in damages unless it should show that it had used all due caution and diligence; and further provided (§ 10) that any railroad corporation should have an insurable

interest in any such property and might "procure insurance thereon in its own name and behalf." This statute simply changed the burden of proof upon the question of negligence. It in no way affected the ground of liability. The gist of the action still was negligence, the ground of liability remained as before, and the sole remedy was as before by an action at common law. The statute gave no new remedy. It simply changed the burden of proof in a proceeding under the common law.

Next came St. 1840, c. 85. The first section reads as follows: "When any injury is done to a building or other property, of any person or corporation, by fire communicated by a locomotive engine of any railroad corporation, the said railroad corporation shall be held responsible, in damages, to the person or corporation so injured; and any railroad corporation shall have an insurable interest in the property for which it may be so held responsible in damages, along its route, and may procure insurance thereon in its own behalf." The second section repealed § 9 of St. 1837, c. 226. With the exception of a provision as to the relation between insurance companies and the railroad corporation in St. 1895, c. 293, the law as thus established has continued without any change. Gen. Sts. c. 63, § 101. St. 1874, c. 372, § 106. Pub. Sts. c. 112, § 214. It may be noted in passing that the same liability has been extended to street railway companies using locomotive engines. Sts. 1864, c. 229, § 34; 1871, c. 381, § 45.

What was the effect of this St. 1840, c. 85? It has been considered many times by this court. It is applicable to all property, real or personal, (*Lyman* v. *Boston & Worcester Railroad*, 4 Cush. 288, *Ross* v. *Boston & Worcester Railroad*, 6 Allen, 87,) whether the fire be directly communicated by the spark from the locomotive, or indirectly by the extension through natural and ordinary means of such a fire. The liability is not restricted to property lying immediately adjacent to the railroad track, but may extend to the distance even of a quarter of a mile and more. *Perley* v. *Eastern Railroad*, 98 Mass. 414. *Safford* v. *Boston & Maine Railroad*, 103 Mass. 583. There is no change in the method of procedure or in the rule of damages; and even the right of subrogation of the insurance company remains as before. *Hart* v. *Western Railroad*, 13 Met. 99. As between the

owner and the insurance company on the one hand and the railroad corporation on the other, the primary liability still remained upon the latter.    While not applicable where articles are placed in the possession of the railroad corporation under a contract which fully covers the rights and liabilities of both parties regarding them, as in the case of a common carrier or warehouseman (*Bassett* v. *Connecticut River Railroad*, 145 Mass. 129), still in every conceivable case where there is not such a contract and where the common law liability existed it would seem to be applicable.    Nor was it necessary for the owner to give any notice or take any steps as a preliminary requisite to this statutory right of action.    Nor was there any reduction in the amount of damages; and the statute, in cases where applicable, fully protected the insured party as to the rights theretofore existing at common law.

It made but one change, and that was in the ground of liability.    That change consisted only in the elimination from that ground of one element, namely, negligence.    Before the statute negligence, which was an essential element, the *sine qua non* of liability, must be shown; after the statute negligence no longer became material.    This is not a case of an additional remedy for the same cause of action upon the same ground of liability, but a change in the ground of liability.    While the physicial features of the liability, namely, the communication of fire from the locomotive, are the same, the ground of liability is changed. There remains, not two different grounds on either of which the injured party may proceed, but only one ground more favorable to one party and less favorable to the other than that theretofore existing, yet nevertheless, now as then, only one ground.    The unit is changed, but it is still a unit.    The old has yielded to the new.

In cases where the statutory action was applicable there was no further need of the common law action.    We think for these reasons that the statute was intended to determine clearly and finally the rights and liabilities of the parties in a matter which by reason of the rapid development of railroads did not seem to be adequately provided for by the common law.    See *Lyons* v. *Boston & Lowell Railroad*, 181 Mass. 551; *Wallace* v. *New York, New Haven, & Hartford Railroad*, 208 Mass. 16.    It must be

held therefore that since the passage of the statute the only action remaining for the injured party is the one which is founded upon the liability as thereby changed and which is therein provided. We see nothing in *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, cited by the plaintiff, which is inconsistent with the conclusion which we have reached in this case.

Our attention has been called by the plaintiff to the case of *Dyer* v. *Maine Central Railroad*, 99 Maine, 195, wherein a statute similar to the one now under discussion was considered by that court and a different conclusion reached. Their statute does not seem to have been regarded by that court as so general in its application as is ours (see *Chapman* v. *Atlantic & St. Lawrence Railroad*, 37 Maine, 92, and *Lowney* v. *New Brunswick Railway*, 78 Maine, 479), but, however that may be, in so far as that case is inconsistent with the conclusion we have reached we cannot follow it.

There is no doubt that the declaration sets out a case covered by the statute, namely, damage to property by fire communicated by a locomotive engine. The plaintiff contends that it is a declaration at common law, and such it is. Such an action cannot be maintained. Even if, however, all the allegations as to negligence be regarded as surplusage and the declaration be considered as simply stating an action under the statute, it cannot be maintained. The right of the insurance companies to subrogation in a suit under the statute was taken away by St. 1895, c. 293. See *Lyons* v. *Boston & Lowell Railroad*, 181 Mass. 551, for a discussion upon this matter. Whichever way the declaration be taken, it does not set out any cause of action. According to the terms of the report the order is

*Judgment for the defendant.*