BOSTON AND MAINE RAILROAD *vs.* THE HARTFORD FIRE
INSURANCE COMPANY.

Middlesex.    November 11, 12, 1924. — May 22, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Insurance*, Fire: assignment by insured to railroad corporation.  *Sub-rogation.  Judgment.*

An insurance company tendered to one, to whom it had issued a policy of
fire insurance in the Massachusetts standard form and whose insured
property had been destroyed by fire communicated from property of
a railroad corporation, the amount of the policy and demanded an
assignment of the insured's claim under the provisions of the policy
appearing in G. L. c. 175, § 99, as follows: "And whenever the company
shall pay any loss, the insured shall assign to it, to the extent of the
amount so paid, all rights to recover satisfaction for the loss or damage
from any person, town or other corporation, excepting other insurers."
The insured refused to accept the tender on the conditions stated and
brought an action against the railroad corporation with a count alleging
that the fire was communicated through negligence of employees of the
corporation in burning brush, and another count alleging that it was
communicated by a locomotive engine of the railroad corporation.
The jury found that the fire was communicated by the locomotive
engine and assessed damages in excess of the amount of the insurance
policy, and judgment was recovered therefor and paid by the railroad
corporation, to whom the insured then assigned the policy under G. L.
c. 160, § 234.   The railroad corporation then brought an action against
the insurance company on the policy.  *Held*, that
    (1)  The statutory provision of the policy following G. L. c. 175, § 99,
was subject by implication to the provisions of G. L. c. 160, § 234, and
the refusal by the insured to accept the tender by the insurer on the
condition upon which it was made did not preclude the railroad
corporation from maintaining the action on the policy as assignee of
the insured;
    (2)  Under the terms of G. L. c. 160, § 234, it was not open to the
insurance company to contend that the fire which destroyed the insured
property was not caused by a locomotive engine of the railroad corpora-
tion: the proof of the findings of the jury in the action by the insured
against the railroad corporation as matter of law established that cor-
poration's rights to maintain the action as assignee of the policy.

CONTRACT upon a policy of fire insurance in the sum
of $2,500 in the Massachusetts standard statutory form,

issued to Edward W. Taylor and by him assigned to the plaintiff under G. L. c. 160, § 234, after, in an action against the plaintiff for injuries to the insured property caused by fire communicated by a locomotive engine, he had recovered and had been paid the amount of a judgment which exceeded the amount of the policy. Writ dated December 10, 1923.

In the Superior Court, the action was heard by *Macleod*, J., without a jury, on an agreed statement of facts. Material facts are described in the opinion. The judge denied a motion by the defendant for a finding in its favor and reported the action for determination by this court "with the stipulation of the parties that if my rulings were correct, judgment is to be entered for the plaintiff in the sum of $2,500 with interest from the date of the writ, but if such rulings or any of them were incorrect, such judgment shall be entered, or the case shall be remanded to the Superior Court for such further proceedings, as shall accord with the determination of the full court."

*J. M. O'Donoghue*, for the plaintiff.

*W. L. Came*, for the defendant.

RUGG, C.J. This is an action of contract on a Massachusetts statutory standard form of policy of insurance issued by the defendant to one Taylor and by him assigned to the plaintiff. The property of Taylor, while covered by the insurance, was destroyed by fire communicated, as he contended, by a locomotive engine of the plaintiff, whereby he suffered damages in excess of the amount of the policy. Upon tender of proof of loss the defendant offered to pay to Taylor the full amount of the policy provided he as "the insured," would in accordance with a clause of the insurance policy, G. L. c. 175, § 99 [page 1991], assign to it, to the extent of the amount so paid, all rights to recover satisfaction for the loss or damage from any person, town or other corporation, excepting other insurers." Taylor refused to make such assignment and the defendant has paid him nothing. Thereafter, Taylor, in an action against the present plaintiff, recovered judgment for damages in excess of the amount of the insurance. At the trial of that action there was evidence tending to show that the fire was caused

by negligence of section hands of the present plaintiff in setting and guarding grass fires, and also to show that it was communicated by sparks from a locomotive engine of the present plaintiff. The jury made a special finding that the fire sprang from the latter cause. The present plaintiff paid to Taylor the amount of his judgment and he assigned to it the policy of insurance and all rights and causes of action thereunder.

The plaintiff rests its cause of action on G. L. c. 160, § 234, which provides that, if a railroad corporation is "held liable in damages" for injuries to property "by fire communicated by its locomotive engines, . . . it shall be entitled to the benefit of any insurance effected upon such property by the owner thereof, less the cost of premium and expense of recovery. The money received as insurance shall be deducted from the damages, if recovered before they are assessed; and if not so recovered, the policy of insurance shall be assigned to the corporation held liable in damages, and it may maintain an action thereon." The defendant rests its defence on the clause in the policy of insurance prescribed by statute and already quoted, to the effect that upon payment of the amount due as insurance the insured shall assign the policy to it, and contends that the insured is in no position to do that, since he has already assigned the policy to the plaintiff, and that hence the plaintiff cannot recover.

The defence rests upon the apparent conflict between the clause in the policy prescribed by the statute requiring assignment by the insured to the insurer when the latter pays the loss, on the one hand, and the statutory rights in the insurance given to any railroad corporation held liable in damages for fire communicated by its locomotive engines to property covered by insurance, on the other hand. That conflict is apparent rather than real. Both these provisions are found in the statutes. They ought to be so construed, if possible, as not to be repugnant the one to the other and to confer substantial rights. We are not dealing with separate and independent contracts, but with a body of statutory enactment designed to constitute an harmonious whole.

The liability of the railroad corporation for damages re-

sulting from fire communicated by its locomotive engines is heavy and absolute. It does not depend in any degree upon negligence. Negligence as a ground of liability for damages resulting from such fire no longer exists in this Commonwealth, having been abrogated by the statute. *New England Box Co.* v. *New York Central & Hudson River Railroad,* 210 Mass. 465, 468, 469. The liability is statutory and not based upon the common law. It is a liability without fault. The railroad corporation is in effect an insurer against damages arising from that source but without the possibility of recouping itself by premiums. The General Court, in enacting the statute giving to the railroad corporation rights against the insurance company, may have thought that it was just and equitable, where the liability of the railroad corporation had become fixed, to respond in damages on such an onerous obligation without fault on its own part, for the insurance company to pay to it, if not to the insured, the amount of loss within the limits of the policy. The insurance company otherwise would be free from liability for a loss against which it had insured on full payment of premiums.

The clause in the statutory form of policy requiring that the insured shall assign to the insurance company, upon payment by it of the loss, his rights to recover satisfaction for the loss against the others specified, was in existence long before the first statute was enacted giving to the railroad corporation rights against the insurance company. Compare Pub. Sts. c. 119, § 139, and St. 1895, c. 293. It must be presumed that the Legislature intended to accomplish something substantial by the enactment of the later statute. It must be presumed also in this connection that the Legislature was aware of the terms of the standard form of insurance policy, including the clause on which the defendant now relies. If the construction of that statute for which the defendant contends is sound, the railroad corporation could never put itself in a position to secure the benefits of the statute in those instances where the insured insists upon collecting his full damages from the railroad corporation, or where for any reason the insurer does not pay the loss under the policy before the trial of the action

against the railroad corporation to recover damages from it. Where the loss by fire is less than the amount of the policy, naturally the insured will collect from the insurance company. The clause of the policy as to assignment by the insured would then operate. But where the loss exceeds the policy, circumstances might make it wise for the insured to bring his action in the first instance against the railroad corporation and not to complicate that action by acceptance of the amount due on the policy.

The words of the statute, G. L. c. 160, § 234, make plain the purpose of the Legislature that the railroad corporation shall get the benefit of the insurance in one or the other of two ways, either (1) in case the insurance has been paid to the insured before the trial of the action against the railroad, by deducting the amount so paid from the damages otherwise recoverable against it, or (2) in case the insurance has not been paid, by the insured giving to the railroad corporation an assignment of the policy and permitting action to be brought by it on the policy. The contention of the defendant makes the second branch of the statute of no force or effect. On its theory damages can never be collected of it on the policy unless the insured assigns to it the policy. That cannot be done if the insured already has assigned the policy to the railroad corporation. That is to say, there can never be recovery by the railroad corporation from the insurance company under the policy. Such a result ought not to be imputed to the Legislature in enacting a statute unless no other result can be reached reasonably. Ordinarily the party subrogated has and acquires no greater rights than those of the party for whom he is substituted. *Jackson Co.* v. *Boylston Mutual Ins. Co.* 139 Mass. 508, 512. This case does not involve the doctrine of equitable subrogation, but the interpretation of a statute bearing only a kind of similarity to that doctrine.

The circumstance that in the case at bar the defendant tendered to Taylor the amount due on the policy upon condition of assignment of it by him to the insurer is not in terms provided for in the statute. It does not avail the defendant. The statutory words apply equally to such a

state of facts as to a state of facts where for any other reason the insurer does not pay the amount due on the policy before the trial of the action against the railroad corporation.

The insertion of the clause upon which the defendant relies in the standard form of policy, thus making it a part of its contract of insurance, gives it no sanctity superior to rights established under the statute, which are part of a heavy responsibility imposed upon the railroad corporation by the legislative department of government.

In case a railroad corporation is held liable in damages for injuries to property by fire communicated by its locomotive engines, the insurance company has no right to subrogation either in equity or under the terms of the standard policy to the rights of the insured. That was taken away by St. 1895, c. 293, now in G. L. c. 160, § 234, as has been hitherto decided. *Lyons* v. *Boston & Lowell Railroad*, 181 Mass. 551. *New England Box Co.* v. *New York Central & Hudson River Railroad*, 210 Mass. 465, 470.

The contract of insurance was made subject by implication to the terms of G. L. c. 160, § 234, as well as to all other valid provisions of law. The business of insurance is subject to a large measure of legislative regulation. The insurance company can make no complaint of valid statutes in existence and governing its contract at the time it was made. *Lorando* v. *Gethro*, 228 Mass. 181. *National Union Fire Ins. Co.* v. *Wanberg*, 260 U. S. 71.

The conclusion from all these considerations is that the statute conferring rights upon the railroad corporation, G. L. c.160, § 234, is operative even though the railroad corporation is not in a position to comply with the clause in the statutory form of policy requiring assignment by the insured to the insurer of rights therein described, and that that clause in the policy is subject to the implied exception wrought by § 234 and is not effective when the facts arise set forth in that section. The right of the insurer to the assignment from the insured required by the policy does not exist on those facts.

The defendant has pleaded by way of defence that the fire which caused the damage to Taylor was caused by the neg-

ligence of the section men of the plaintiff in setting and guarding grass fires. The statutory right of the plaintiff to recover on the policy of insurance in the circumstances here disclosed is not subject to that defence. The right of the plaintiff springs into being when it has been held liable in damages to a person whose buildings or other property have been injured by fire communicated by its locomotive engines. As between the plaintiff and Taylor that matter was settled by the finding of the jury to the effect that Taylor's property was so injured. The defendant was notified of the bringing of the action by Taylor against the present plaintiff before it was referred to the auditor, but was not a party thereto and did not participate in the trial of that case. That is all that the record shows upon this aspect of the case. That is not a binding notice to the insurance company to come in as a party and undertake the prosecution or defence of that cause. *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley,* 171 Mass.127. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 77. Nevertheless, the defendant had actual notice of that action. It did not seek to intervene in that action to protect its rights. The effect of an application of such intervention and refusal by the court to allow it is not presented on this record, and no intimation is made on that point. The statute is absolute in its terms. There is no requirement that the insurance company be a party to such litigation. When the railroad corporation has been held liable for the statutory cause, its right of action against the insurance company becomes fixed, subject only to such ordinary defences as would be open between the insured and the insurer. The record of the judgment in the action of Taylor against the railroad corporation, together with the special answer of the jury, established in this respect the right of the plaintiff and the liability of the defendant. The case on this point is governed in principle by *Lorando* v. *Gethro,* 228 Mass. 181. *Merchants Mutual Automobile Liability Ins. Co.* v. *Smart,* 267 U. S. 126. *New York Life Ins. Co.* v. *Hardison,* 199 Mass. 190.

The defendant cannot rely as a defence in this case on the issue that the cause of the fire was different from that found

by the jury. The original litigation settled that under the terms of G. L. c. 160, § 234, for the purpose of the present action. The principle of *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 205, is inapplicable to the facts here disclosed and the statutory liability here established.

It follows that the rulings were right. In accordance with the terms of the report, judgment is to be entered for the plaintiff for the sum of $2,500 with interest from the date of the writ.

*So ordered.*