EBEN W. LOWNEY

*vs.*

NEW BRUNSWICK RAILWAY COMPANY.

Aroostook.    Opinion December 10, 1886.

</div>

*Railroads.    Fire set by locomotive.    Negligence.*

| 78 | 479 |
|----|-----|
| 85 | 507 |
| 78 | 479 |
| 87 | 412 |
| 78 | 479 |
| 91 | 175 |
| 78 | 479 |
| 99 | 203 |
| 99 | 206 |
| 99 | 208 |

A railroad company is not liable under R. S., c. 51, § 64, for damage to a pile of sleepers deposited near its track, caused by fire communicated from one of its locomotives.

To enable the owner of the sleepers to maintain an action against the railroad company for such a damage, he must prove negligence on the part of the company, and that such negligence occasioned the fire and consequent damage.

ON motion to set aside a verdict rendered in the superior court.

The case and material facts are stated in the opinion.

*Madigan and Donworth,* for the plaintiff.

The verdict will stand, even if the conclusion of the court would have been different had the case been originally submitted to the court, unless manifestly against the weight of evidence, and unless it so preponderates in favor of the defendants as to authorize the court to infer that the jury acted under a mistake or were influenced by improper motives.  *Darby* v. *Hayford,* 56 Maine, 246 ; *Folsom* v. *Skofield,* 53 Maine, 171 ; *Hovey* v. *Chase,* 52 Maine, 304.

In some of the main points the evidence is conflicting.  Where such is the case, and it has been left to the determination of a jury under a clear charge, the court says that it will not grant a new trial.    58 Maine, 543 ; 67 Maine, 507.

The duty of determining facts is for the jury. 59 Maine, 418.

We believe that the defendant is absolutely liable for this loss, whether guilty of negligence or not; testimony was introduced showing the permanent deposit of sleepers at that point, three years, and testimony of the insurance agent that property so placed and of that character is insurable.

These characteristics, permanency of deposit and insurability, distinguish this case from that of *Chapman* v. *Atlantic & St. Lawrence R. R. Co.* 37 Maine, 92. Hence the verdict would be just, even if the court should fail to find the elements of carelessness and negligence, and the verdict would not be disturbed. 19 Maine, 402.

There was ample evidence for the jury to found their conclusions upon, and under the law and their finding of the facts, we believe that the court will not set the verdict aside. 62 Maine, 128; 67 Maine, 314.

*Wilson and Woodward*, for the defendant.

EMERY, J. If this case were within § 64, of chap. 51, of R. S., the burden would still be upon the plaintiff to prove that the fire which consumed his sleepers was communicated by the defendant's locomotive-engine. The only evidence we find of such a communication is the fact that the fire was discovered in Shaw's barn, (from which it spread to the sleepers,) within a few minutes after the passage of the engine. It may be doubted if that alone is sufficient proof.

But the case is not within the statute above cited, and the judge so instructed the jury. The instruction was correct. The statute does not include movable articles, that are only temporarily left near the railroad track and are liable to be changed at any time. *Chapman* v. *A. & St. L. R. R. Co.* 37 Maine, 92; *Pratt* v. *Same*, 42 Maine, 579.

The burden upon the plaintiff, therefore, was to prove not only that the fire was communicated by the engine, but also that the defendants were guilty of negligence, and their negligence was the cause of the communication of the fire. The communication of the fire alone does not import negligence, nor does

proof of negligence alone import that it was the cause of the fire. The negligence must be proved. Its relation as the efficient cause of the fire must also be proved. Pierce on Railroads, 437 ; *Sheldon* v. *Hudson River R. R.* 14 N. Y. 218 ; *Bachelder* v. *Heagan*, 18 Maine, 32 ; *Sturgis* v. *Robbins*, 62 Maine, 289 ; *Lesan* v. *Maine Central R. R. Co.* 77 Maine, 85 ; *State* v. *Same*, 77 Maine, 538.

In this case we find no evidence of such negligence, nor of its causal relation. It is urged in the argument for the plaintiff that the dampers were probably open or warped, or that ignited coals may have been blown out of the ash pan, or that the smoke stack might not have had proper appliances to arrest sparks. We do not find the evidence of them however. Indeed what evidence there was upon these points seems to negative the plaintiff's suggestions.

The verdict seems to us clearly against the law and the evidence, and it should be set aside.

If it be suggested that it is difficult to prove negligence in such a case, and that the rules of law above stated are a hardship upon the plaintiff and those situated as he is, it should be remembered that the defendants were pursuing in a lawful manner a lawful business, and one useful to the entire community. It is the general rule of law that one engaged in a lawful business and acting in a lawful manner, is liable for such injuries only as are caused by his negligence. In some actions against individuals, it may be difficult to prove that the defendant was negligent and that his negligence caused the injury, but that difficulty would be no good reason for changing the rule. *Bachelder* v. *Heagan*, and *Sturgis* v. *Robbins*, *supra*.

*Verdict set aside. New trial granted.*

Peters, C. J., Walton, Danforth, Foster and Haskell, JJ., concurred.