## JAIRUS MARTIN

*vs.*

## GRAND TRUNK RAILWAY OF CANADA.

Androscoggin.    Opinion April 13, 1895.

*Railroad. Fires. Pleading. R. S., c. 51, § 64.*

In an action to recover damages for injury to the plaintiff's wood and timber resulting from fire communicated by a locomotive engine in the use of the defendant company, *Held;* that the defendant's responsibility is limited to property "along the route;" and it is to be deemed "along the route" if it is so near the railroad as to be exposed to the danger of fire from the engine.

A declaration is sufficient when it distinctly alleges that the fire was in fact communicated by the defendant's engine to the plaintiff's land, and that the growth of wood thereon was greatly injured by burning. If it was so near the railroad that it in fact took fire from the engine, it must have been "so near as to be exposed to the danger of fire from the engine," and must, therefore, be deemed to be situated "along the route" of the defendant's railway.

ON EXCEPTIONS.

The case appears in the opinion.

*Tascus Atwood*, for plaintiff.

*A. A. Strout and C. A. Hight*, for defendant.

SITTING: PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J. This is an action to recover damages for an injury to the plaintiff's wood and timber resulting from fire communicated by a locomotive engine in the use of the defendant railway company.

The declaration in the plaintiff's writ contains no averment of negligence on the part of the defendant company, but is based solely on section 64, chapter 51, of the Revised Statutes, which reads as follows: "When a building or other property is injured by fire communicated by a locomotive engine, the corporation using it is responsible for such injury, and it has an insurable interest in the property along the route for which it is responsible, and may procure insurance thereon."

The defendant filed a general demurrer to the declaration. The presiding justice overruled the demurrer and the case comes to this court on exceptions to that ruling.

In support of the demurrer the counsel for the defendant argues that the declaration fails to allege either in terms, or in substance and effect, that the property injured was situated "along the route" of the defendant's railway; and that inasmuch as the corporation is only made responsible, by the statute above quoted, for injuries thus situated "along the route" of the railway, the omission of such an allegation must be held a fatal defect.

The construction of this statute has been brought directly in question in several reported cases in this State. *Chapman* v. *Railroad*, 37 Maine, 92; *Pratt* v. *Railroad*, 42 Maine, 579; *Lowney* v. *Railroad*, 78 Maine, 479; *Thatcher* v. *Railroad*, 85 Maine, 502. In *Pratt* v. *Railroad, supra*, the interpretation of the phrase, "along the route," was critically considered in the light of etymology and lexical definition, as well as of the rules of legal construction and judicial precedent; and it was there

determined in accordance with the decision in *Hart* v. *Railroad*, 13 Met. 99, that as the legislature manifestly designed to afford no greater security to property situated very near the railroad track than to that which was more remote, provided each was equally exposed, and as it had prescribed no particular distance beyond which the railroad company was not liable, the definition of these terms must be found in the answer to the question, " was the property destroyed so near to the route of the railroad as to be exposed to the danger of fire from the engine ?"

The plaintiff alleges in his declaration that fire was communicated by the defendant's engine to the plaintiff's land, " situated in said Auburn on the east side of the main line of said defendant and next north of the " Y " so-called at Lewiston Junction in said Auburn, . . . by reason of which communication of fire the said plaintiff's growth of wood upon said land was greatly injured by burning."

It may be conceded that it is not a necessary inference from this description that the land on which the injured wood was standing, was " adjacent" to the defendant's location ; but the right to recover is not restricted to cases where the property injured is "adjacent" to the route of the railway. The defendant's responsibility is limited to property ." along the route ;" and we have seen that it is to be deemed " along the route " if it is " so near the railroad as to be exposed to the danger of fire from the engine." It is distinctly alleged that the fire was in fact communicated by the defendant's engine to the plaintiff's land, and that the growth of wood thereon was in fact greatly injured by burning. If it was so near the railroad that it in fact took fire from the engine, it must have been "so near as to be exposed to the danger of fire from the engine," and must therefore be deemed to be situated " along the route " of the defendant's railway.

The declaration is sufficient and the ruling of the presiding justice was correct.

*Exceptions overruled.*