Strafford,
No. 4391.

CLEVELAND W. BEARD & a.

*v.*

BOSTON AND MAINE RAILROAD.

Argued May 3, 1955.

Decided June 30, 1955.

*Sleeper & Mullavey* (*Mr. Mullavey* orally), for the plaintiffs.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the defendant.

LAMPRON, J. R. L., c. 300, s. 1, provides that "the proprietors of every railroad shall be liable for all damages to any person or property by fire or steam from any locomotive or other engine upon their road." Section 2 reads as follows: "Such proprietors shall have an insurable interest in all property situate upon the line of their road which is exposed to such damage, and they may effect insurance thereon for their own benefit." By virtue of section 1 the defendant is liable as an insurer for such damages. *Hooksett* v. *Concord Railroad,* 38 N. H. 242, 245; *Rowell* v. *Railroad,* 57 N. H. 132; *State* v. *Railroad,* 99 N. H. 66, 72. "The extraordinary use of the element of fire, by which the property of individuals

situated along the line of railroads becomes endangered beyond the usual and ordinary hazard to which it is exposed, no doubt caused the Legislature to interfere, and impose the liability which is fixed by the statute." *Hooksett* v. *Concord Railroad, supra,* 244.

The question in issue in this case is whether there are any limitations on the liability so imposed "by reason of the distance between the plaintiffs' properties and the place of origin of the fire and/or the defendant's right of way or ways?"

A review of the judicial decisions interpreting this statute indicates that there are some limitations to defendant's liability. "Perhaps it will be found to extend to such property only as can be said to be reasonably exposed to the danger; that the act must have a reasonable construction; and that consequently where buildings are situated at such a distance from the track as not to be exposed except in some violent gale of wind or other extraordinary circumstances, the loss might be held not to be within the spirit or intent of the act." *Hooksett* v. *Concord Railroad, supra,* 246, 247. "The statute has been understood to be limited to property, real and personal, along the line of a railroad." *Welch* v. *Railroad,* 68 N. H. 206, 207.

"That act applies only to those so situated that as to them the operation of the railroad constitutes an extra fire hazard. If the act is broad enough in its terms so that it could have been construed to include all damage that could in any sense be deemed to be 'caused' by the defendant, it is settled that such was not the legislative intent." *Clark* v. *Railroad,* 78 N. H. 428, 429. In *State* v. *Railroad,* 99 N. H. 66, 70, it was stated that the liability of the railroad under section 1 has been limited to "property along the line of the railroad which is reasonably exposed to the danger of fire" and that the liability imposed by that section "has been limited geographically to exposed property along the right of way." *Id.,* 71.

This statute having remained unchanged for a century it must be concluded that although it does not contain within it specific words of limitation it was nevertheless the intent of the Legislature that its provisions be subjected to limitations in their application to particular cases. *Coleman* v. *Coleman,* 94 N. H. 456, 457; *Krewski* v. *Hooksett,* 98 N. H. 175, 176. It is our opinion that it was not intended to apply to all damages to persons or property which can be traced to a fire from a locomotive on defendant's railroad regardless of the intervening factors of time, distance, manner of

communication and other circumstances which may vary from fire to fire. Harper, Torts, 402. Rather we think it was intended to apply only to those persons or properties for which the operation of the railroad could foreseeably constitute an extra hazard of injury or destruction by fire. *Hart* v. *Railroad,* 13 Met. 99; *Pratt* v. *Atlantic & St. Lawrence Railroad Company,* 42 Me. 579, 586; *Martin* v. *Railway,* 87 Me. 411; 22 Am. Jur. 623, 625.

In determining whether the properties of the various plaintiffs fell within the intended orbit of this statute, their distances from the railroad right of way in question as well as from the origin of the fire are among the important factors to be considered. *State* v. *Railroad, supra.*

The Conrad property abuts the right of way being used by the locomotive alleged to have started the fire. Even though it was situated almost a mile from the point of origin of the fire and was not reached by it until it had burned about two days we cannot say as a matter of law that a finding of liability is contrary to the intent of the statute. *Hooksett* v. *Concord Railroad, supra; Clark* v. *Railroad, supra.*

As to the properties of the other plaintiffs, none abuts the Farmington-Rochester right of way. They were all from 4 3/4 to 6 4/10 miles from the point of origin of the fire. As a matter of law the use being made by the defendant of its right of way could not foreseeably constitute an extra hazard to them of destruction by fire originating therefrom.

> *Judgment for defendant in all actions except that of Andrew R. and Gladys T. Conrad which is remanded.*

All concurred.