Strafford,
No. 4504.

CORA P. HURD & a.

*v.*

BOSTON & MAINE RAILROAD.

Argued November 7, 1956.

Decided January 31, 1957.

*Sleeper & Mullavey* (*Mr. Mullavey* orally), for the plaintiffs.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the defendant.

LAMPRON, J. R. L., *c.* 300, *s.* 1 (now RSA 380:1) provides that "the proprietors of every railroad shall be liable for all damages to any person or property by fire or steam from any locomotive or other engine upon their road." It was decided in *Beard* v. *Railroad, supra,* 472, that the liability imposed thereby on the railroad "was intended to apply only to those persons or properties for which the operation of the railroad could foreseeably constitute an extra hazard of injury or destruction by fire." It was also stated therein that in "determining whether the properties of the various plaintiffs fell within the intended orbit of this statute, their distances from the railroad right of way in question as well as from the origin of the fire are among the important factors to be considered." *Beard* v. *Railroad, supra.*

Plaintiff Hurd's land abutted on both the east and west sides of the Farmington-Rochester railroad right of way. The entire lot on the west side, which was timberland, was burned on the first day of the fire, to within 50 or 75 feet of the track. It is within 1.4 miles of where the fire started. The lot on the east side consisted of two fields adjoining the track which were not burned, nor were the house and barn situate thereon, but practically all of the remainder of the lot, which was timberland, was burned on the third day of the fire.

Carl and Perley Roberts owned two 60-acre lots which abutted on the east side of said railroad right of way for a distance of about 3,000 feet. About half of one of these lots was burned and the other was partially burned. In neither case did the fire come nearer than 1,000 feet of the track. These lots were about two (2) miles from the point of origin of the fire and burned on the third day.

Plaintiff Littlefield owned the Hanson lot, so-called, containing about 40 acres. It abuts defendant's Farmington-Rochester right of way on the west, is situated about 1.9 miles from the place where the fire started and burned on the third day.

Plaintiff Richardson owned a 5-acre tract which abuts said right of way on the west, is situated about 2.15 miles from the start of the fire and also burned on the third day.

All of the above premises abut on the right of way used by the engine alleged to have started the fire. They are all within 2.15 miles of where it originated. Even though most of them were not reached by the fire until the third day, and as to some the part contiguous to the track did not burn while the rest did, we cannot say as a matter of law that any of them is outside of the intended orbit of the statute. *Beard* v. *Railroad, supra.* In other words a finding that the operation of the railroad foreseeably constituted an extra hazard to these premises would not be contrary to law even though the manner in which a particular lot might be burned or the time which might elapse before it was burned could not reasonably be anticipated. *Derosier* v. *Company*, 81 N. H. 451, 461.

The other lots owned by Richardson, Roberts and Littlefield do not abut on the right of way in question. The Richardson lots containing 25 and 100 acres adjoin the 5-acre lot owned by him which abuts the right of way. The Roberts lot borders on Route 11, a public highway, a few hundred feet from the track as does one of the Littlefield lots. Three other Littlefield lots corner on the

40-acre tract owned by him which abuts the right of way. In short two or these lots border on a public highway a few hundred feet from the track, the others either adjoin or corner on other lots of the same respective owners which abut the railroad right of way. They are all within 2.15 miles of the place where the fire started and were burned by the third day. As to them also we cannot say as a matter of law that a finding of liability under RSA 380:1, 2, would not be warranted. *Hooksett* v. *Concord Railroad,* 38 N. H. 242; *Clark* v. *Railroad,* 78 N. H. 428; *State* v. *Railroad,* 99 N. H. 66, 70; *Beard* v. *Railroad, supra;* see *Martin* v. *Railway,* 87 Me. 411, 413. Defendant's motion to dismiss and for judgment was therefore properly denied.

The next question to be considered is whether an action based on negligence can be maintained against the defendant by the owners of the above lots as well as by the other plaintiffs whose properties do not come within the orbit of the statute.

In the absence of statutory regulation on the subject, railroads are generally held liable in damages for destruction or injury caused by fire resulting from the negligent operation of their roads. Harper on Torts, *s.* 196; Prosser, Torts, *p.* 327; 74 C. J. S. 1074; 22 Am. Jur. 608.

The effect of RSA 380:1, 2, it is argued, has been to abolish the common-law liability of railroads for damage caused by fire so that a plaintiff cannot recover unless his premises come within its orbit. For this position defendant relies mainly on the case of *Boston Ice Co.* v. *Railroad,* 77 N. H. 6. This was an action to recover on behalf of certain insurance companies moneys paid to the plaintiff because of the destruction of its property by fire allegedly caused by the negligence of the defendant. The defendant interprets some of the language used by the court in denying recovery as meaning that common-law actions for negligence by fire were abolished by RSA 380:1, 2, and its predecessors. We do not agree with this conclusion.

The court (*p.* 15) quoted with approval in the above case the following language from the opinion in *New England Box Co.* v. *Railroad,* 210 Mass. 465, 469, "It [statute] made but one change, and that was in the ground of liability. That change consisted only in the elimination from that ground of one element, namely, negligence . . . Since the passage of the statute the only action remaining for the injured party is the one which is founded upon the liability as thereby changed and which is therein provided." There was no

contention in the *Boston Ice Co.* case, that the premises involved did not come within the orbit of P. S., *c.* 159, *ss.* 29, 30, 31 (now RSA 380:1-3).

We agree that as to persons or property "situate upon the line of their road which is exposed to . . . damage" (RSA 380:2) "by fire . . . from any locomotive" (*Id.*, 1) the statute has the effect of providing a sole and exclusive ground of liability.

However the fact that the Legislature has thus referred specifically to certain persons and property precludes the conclusion that it intended the statute to have the broader effect of determining the rights of others not referred to therein. *Gordon* v. *Railroad*, 58 N. H. 396, 398; *Bowdler* v. *Company*, 90 N. H. 68, 72. There is nothing in *Boston Ice Co.* v. *Railroad, supra,* or in the statute which compels the conclusion that the latter was intended to eliminate a railroad's liability for damages by fire caused by its negligence to persons or property not intended to be benefited by the statute. *Lowney* v. *Railway Co.*, 78 Me. 479; *Dyer* v. *Railroad*, 99 Me. 195; see *Clark* v. *Railroad*, 78 N. H. 428; *Glines* v. *Railroad*, 94 N. H. 299.

To summarize, RSA ch. 380 makes a railroad absolutely liable for damages by fire caused by it to those persons and properties as to which its operation foreseeably constitutes an extra hazard of injury or destruction by fire. Among other factors such properties must abut the right of way involved or be in close proximity thereto. *State* v. *Railroad, supra.* This statute has no effect on persons or property which do not come within its orbit. The right of recovery in cases not covered by it must be based on the law of negligence. The plaintiff must show a breach of a legal duty owed to it by the defendant. *Cote* v. *Litawa*, 96 N. H. 174; *Derby* v. *Company*, 100 N. H. 53, 58; Restatement, Torts, *s.* 281. Defendant's action must foreseeably constitute a hazard of injury by fire to plaintiff's person or property but it need not foreseeably constitute as to it an extra hazard of such injury as its operations must as to those persons or property for which the statute makes it absolutely liable.

Under our decisions negligence and proximate cause are questions for the jury unless the evidence is such that no reasonable man could find legal fault or causation. *Derosier* v. *Company*, 81 N. H. 451, 462; *Blackman* v. *Rowe*, 96 N. H. 207, 209; *Marshall* v. *Nugent*, 222 F. (2d) 604, 611. We have previously considered the origin, location, course, wind conditions, duration and other signifi-

cant factors of this fire. *State* v. *Railroad, supra; Beard* v. *Railroad, supra.* From what appears in the record concerning the properties of these plaintiffs we cannot say as a matter of law that negligence and proximate causation could not be found.

Defendant's demurrer should be granted as to the suits involving those premises which are found to be covered by the statute. As to the others it was properly overruled.

*Remanded.*

All concurred.