Hillsborough-northern judicial district
No. 94-193

JOHN E. MACLEOD, II, INDIVIDUALLY AND
BY AND THROUGH HIS GUARDIAN, TAMMY L. MACLEOD

v.

ERIC R. BALL

August 17, 1995

*Law Offices of David J. KillKelley,* of Laconia (*David J. KillKelley* on the brief and orally), for the plaintiff.

*McKean, Mattson & Latici, P.A.,* of Gilford (*Edgar D. McKean, III* on the brief and orally), for the defendant.

MEMORANDUM OPINION

HORTON, J. The plaintiff, John E. MacLeod, sued the defendant, Eric R. Ball, under theories of common law negligence and statutory cause of action to recover damages for injuries he suffered after falling off a bridge while intoxicated. The plaintiff alleges that the defendant negligently provided intoxicating beverages when the plaintiff was under the legal drinking age of twenty-one. The Superior Court (*Barry,* J.) dismissed the plaintiff's cause of action for failure to state a claim upon which relief may be granted. The plaintiff appealed.

█ In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, we assume the truth of the facts alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to him. *Thompson v. Forest,* 136 N.H. 215, 216, 614 A.2d 1064, 1065 (1992). We will reverse if the allegations in the plaintiff's pleadings "are reasonably susceptible of a construction that would permit recovery." *Id.* (quotation omitted).

The plaintiff alleges that at the time of the alleged injuries, he was a nineteen-year-old student at Plymouth State College. The defendant procured and illegally delivered a significant quantity of intoxicating alcoholic beverages to the plaintiff and three other students whom the defendant knew were under the legal drinking age. On the following day, the plaintiff consumed excessive amounts of the alcoholic beverages supplied by the defendant with resulting intoxication. As a result of his intoxication, the plaintiff fell from a bridge while "pretend jumping" and suffered severe injuries.

█ The plaintiff argues that he may maintain a cause of action against the defendant based on a common law theory of negligence and for a violation of RSA 175:6 (1990) (now codified at RSA 179:5 (1994)). Our recent decision in *Hickingbotham v. Burke,* 140 N.H. 28, 662 A.2d 297 (1995), governs this case. *Hickingbotham* involved social host liability for providing alcohol to guests attending a party at the defendants' home. *Id.* at 29, 662 A.2d at 298. While the circumstances alleged in the instant case differ somewhat from those in *Hickingbotham,* we apply the same principles of tort liability to the active and knowing delivery of intoxicating beverages

as we applied recently to the social host situation. In *Hickingbotham*, we held that RSA 179:5 grants no civil cause of action based on its violation. *Id.* at 30, 662 A.2d at 299. Accordingly, we affirm the trial court's ruling that no statutory cause of action exists.

■ We also held that no common law cause of action for the tortious provision of alcohol to a minor or intoxicated guest could be maintained unless the plaintiff could allege that the defendant's delivery of the intoxicating beverages was reckless. *Id.* at 33, 662 A.2d at 301. The plaintiff in the instant case alleged only negligence, but, as in *Hickingbotham*, 140 N.H. at 36, 662 A.2d at 302, we reverse the trial court's order with instructions to grant the plaintiff leave to amend his writ to include allegations that the defendant's conduct was reckless, if the underlying facts support such allegations.

■ The defendant argues that he is not liable because, as a matter of law, his actions were not the proximate cause of the plaintiff's injuries. Proximate cause is a question for the jury "unless the evidence is such that no reasonable [person] could find legal fault or causation." *Hurd v. Railroad*, 100 N.H. 404, 408, 129 A.2d 196, 200 (1957). Reviewing the allegations in this case, we cannot say as a matter of law that under these allegations, if proven, no jury could find that the defendant's actions were the proximate cause of the plaintiff's injuries. *See id.* at 409, 129 A.2d at 200-01. Should the evidence fail to substantiate these allegations, the trial judge, in the first instance, will determine whether the issue of causation is an appropriate issue for the jury.

The plaintiff also appeals the decision of the trial court denying as moot his motion to amend the writ to include an additional allegation. As the plaintiff's claim may no longer be moot, we remand to the trial court for the initial determination of whether the plaintiff may amend the writ to include the additional allegation. *See Belcher v. Paine*, 136 N.H. 137, 148-49, 612 A.2d 1318, 1326 (1992).

*Affirmed in part; reversed in part; remanded.*

All concurred.