Strassman v. Lakeshore Const.        CV-96-601-SD 04/09/98

UNITED STATES DISTRICT COURT FOR THE

                   DISTRICT OF NEW HAMPSHIRE


<u>Charles Strassman</u>


        v.                          Civil No. 96-601-SD


<u>Lakeshore Construction of</u>
 <u>Wolfeboro, Inc.</u>


                        O R D E R

    In this diversity action, plaintiff Charles Strassman seeks

to recover damages incurred when he fell from a dock that had

been repaired by defendant Lakeshore Construction of Wolfeboro,

Inc.  Currently before the court is Lakeshore's motion for

summary judgment, to which Strassman objects.


                       <u>Background</u>

    In 1994 Strassman hired Lakeshore to repair the boat dock at

his wife's residence in Wolfeboro, New Hampshire.  The work was

completed on May 14, 1994.  On June 23, 1995, Strassman fell as

he stepped from his boat to the dock.  As a result of the fall,

Strassman sustained serious injuries.

    After his fall, Strassman hired Diversified Marine

Contractors to stabilize the dock.  David Farley of Diversified

Marine Contractors has opined that the dock swayed and was unnecessarily unsteady because it lacked stabilizing supports.

<u>Discussion</u>

<u>1. Standard for Summary Judgment</u>

"Summary judgment exists to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" <u>Nereida-Gonzalez v. Tirado-Delgado</u>, 990 F.2d 701, 703 (1st Cir. 1993) (quoting <u>Wynne v. Tufts Univ. Sch. of Medicine</u>, 976 F.2d 791, 794 (1st Cir. 1992), <u>cert.</u> <u>denied</u> 507 U.S. 1030 (1993)). The entry of summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To resolve a motion for summary judgment, the court must scrutinize the entire record in the light most favorable to the nonmovant, with all reasonable inferences resolved in that party's favor. <u>See</u> <u>Smith v. Stratus Computer, Inc.</u>, 40 F.3d 11, 12 (1st Cir. 1994), <u>cert.</u> <u>denied</u>, 514 U.S. 1108 (1995). "In general, . . . a party seeking summary judgment [must] make a preliminary showing that no issue of material fact exists. Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific

2

facts demonstrating that there is, indeed, a trialworthy issue." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, 515 U.S. 1103 (1995).

2. Causation

Lakeshore argues that the court must grant summary judgment because plaintiff will be unable to prove that defendant's alleged negligence was the proximate cause of his injuries. Defendant's argument is based upon the fact that in his deposition the plaintiff was unable to identify the cause of his fall. Strassman, however, contends that he has sufficient evidence to warrant presenting the issue to a jury because his expert witness will testify that the dock failed to meet industry standards making it unnecessarily unsteady.

As every first-year law student knows, a prima facie case of negligence consists of duty, breach, causation, and damages. Causation in turn consists of but-for and legal cause. That is, the plaintiff must show that the injury would not have happened without the defendant's negligence, and that the relationship between the conduct and the injury is not so attenuated as to make it unreasonable to hold the defendant liable. See 8 RICHARD B. MCNAMARA, NEW HAMPSHIRE PRACTICE, PERSONAL INJURY §§ 134-136 (1996).

3

According to the New Hampshire Supreme Court "proximate cause [is a] question for the jury unless the evidence is such that no reasonable man could find legal fault or causation." Hurd v. Boston & Maine R.R., 100 N.H. 404, 408, 129 A.2d 196, 200 (1957). New Hampshire has adopted the substantial factor approach to causation. See Bronson v. Hitchcock Clinic, 140 N.H. 798, 809, 677 A.2d 665, 673 (1996). Thus, "'the existence of concurrent causes will not in and of itself vitiate a finding'" of proximate cause, Le Blanc v. American Honda Motor Co., 141 N.H. 579, 586, 688 A.2d 556, 562 (1997) (quoting Reid v. Spadone Mach. Co., 119 N.H. 457, 463-64, 404 A.2d 1094, 1098 (1929)), provided the defendant's conduct was "a substantial factor, rather than a slight one, in producing that harm." Bronson, supra, 140 N.H. at 809, 677 A.2d at 673.

In this case, the court finds that Strassman has sufficient evidence to present to a jury. In many cases, plaintiffs must rely on expert testimony to establish the elements of a negligence claim. Indeed, in medical malpractice cases, for instance, New Hampshire requires plaintiffs to present expert evidence that the defendant's conduct was the cause of the plaintiff's injury. See New Hampshire Revised Statutes Annotated (RSA) 507-E:2, I (1997). The court sees no reason to require that plaintiff have personal knowledge of the cause of his

4

injury.  Although Strassman's uncertainty about the cause of his accident strengthens the defendant's case, the court cannot conclude that "no reasonable [juror] could find . . . causation." Hurd, supra, 100 N.H. at 408, 129 A.2d at 200.  Strassman need only convince the jury that the alleged defective condition, more likely than not, was a substantial factor in his fall.  Based on his expert's testimony, a reasonable juror could conclude that the condition of the dock was so dangerous that it probably contributed to his fall.

Conclusion

For the abovementioned reasons, Defendant's Motion for Summary Judgment (document 10) must be and herewith is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 9, 1998

cc:    Karen Schultz Breda, Esq.
       Lawrence S. Smith, Esq.